FILED

2018 Mar-26  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDY M. MARTINEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** _____ |
| | ) | **JURY TRIAL REQUESTED** |
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

---

## COMPLAINT

---

## I.   INTRODUCTION

1.     This is an action for legal and equitable relief to redress unlawful discrimination on the basis of stereotypes associated with race and national origin against the Plaintiff, Randy Martinez (hereinafter "Plaintiff"), a current employee of the City of Birmingham.  This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e and 42 U.S.C.

1

§ 1981, as amended. Plaintiff requests a trial by jury of all triable issues.

## II.   JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), and 42 U.S.C. § 2000e-5.

3. Venue is proper in this Court.

## III.   PARTIES

4. Plaintiff Randy M. Martinez ("Plaintiff") is a Latino-American, male citizen of the United States and of the State of Alabama.  He is a resident of this Judicial District and Division.

5. Defendant City of Birmingham ("Defendant" or City") is a local agency of the State of Alabama. At all times relevant hereto the Defendant has engaged in business in Birmingham, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.  At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

2

## IV.    ADMINISTRATIVE PROCEDURES

6. Plaintiff hereby adopts and re-alleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

7. Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at the City of Birmingham.

8. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

9. Plaintiff timely filed his Charge of Discrimination (420-2017-01257) against Defendant with the Equal Employment Opportunity Commission on March 1, 2017 and filed a second Charge of Discrimination (420-2017-02087) on June 2, 2017, which was filed within 180 days of the commission of the unlawful employment practices alleged herein. Plaintiff supplemented his first Charge of Discrimination on August 17, 2017. (Exhibits A – E)

10. On December 21, 2017, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue regarding his EEOC Charges. Plaintiff received said Notice on December 24, 2017.  (Exhibits D and E).

11. Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue. (Exhibit E)

3

12. All administrative prerequisites for filing suit have been satisfied, and Plaintiff entitled to bring this action.

## V.   STATEMENT OF FACTS

13. Plaintiff hereby adopts and realleges paragraphs one (1) through twelve (12) herein above as if fully set forth herein.

14. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

15. Plaintiff has been discriminated against because of his race.

16. Plaintiff has also been discriminated against because of his national origin, Mexico.

17. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

18. Plaintiff is a good employee with many accolades and accomplishments with the City and is well qualified to hold his supervisory position with the City.

19. The Plaintiff has been a supervisor for over four (4) years.

20.   The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race and his national origin of Mexico.

21.   On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to

4

dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

22.    On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

23.    On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

24.    On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

25.    On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

5

26. On February 10, 2017 the Plaintiff was reassigned to report review.

27. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

28. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

29. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days. Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

30. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

31. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

32. The Plaintiff's request for overtime was denied.

33.    On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

34.    On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination (420-2017-02087) citing a continued hostile work environment and discrimination.

35.    The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

36.    The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.  The Defendant has a custom of discriminating against employees based on their national origin.

37.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## VI.    STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

**STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE
DISCRIMINATION AGAINST DEFENDANT
42 U.S.C. § 1981 RACE DISCRIMINATION CLAIMS**

7

38.    Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.    Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

40.    Plaintiff has been discriminated against because of his race.

41.    Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

42.    Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

43.    The Plaintiff has been a supervisor for over four (4) years.

44.    The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

45.    On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard

then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

46.    On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

47.    On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

48.    On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

49.    On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

50.    On February 10, 2017 the Plaintiff was reassigned to report review.

51.    On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and

Regulations Procedure 205-8.

52.    On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

53.    During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

54.     On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

55.    On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

56.    The Plaintiff's request for overtime was denied.

57.    On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

58.    On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

59.     The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

60.     The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

61.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

62.     The Plaintiff is Hispanic.

63.     The Plaintiff has been discriminated against because of his race.

64.     The Plaintiff has been discriminated against because of his accent and his race.

65.     Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

66.     Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race. 42 U.S.C. §2000e-2(a).

67.     Specifically, Plaintiff claims he was discriminated against because of his race.

68.    Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

69.    Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

70.    Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

71.    Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

72.    Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

73.    Defendant's illegal discriminatory and adverse actions injured Plaintiff.

74.    Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

75.    Plaintiff was subjected to discriminatory terms and conditions of employment because of his race.

76.    Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

77. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

78. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

79. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

80. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

81. Defendant's race discrimination has caused the Plaintiff to suffer damages.

82. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

83.     WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE DISCRIMINATION AGAINST DEFENDANT 42 U.S.C. § 1981 NATIONAL ORIGIN DISCRIMINATION CLAIMS

84.      Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

85.     Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

86.     Plaintiff has been discriminated against because of his national origin.

87.     Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

88.     Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

89.     The Plaintiff has been a supervisor for over four (4) years.

14

90.   The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

91.   On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

92.   On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

93.   On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

94.   On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room,

15

namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

95.    On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

96.    On February 10, 2017 the Plaintiff was reassigned to report review.

97.    On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

98.    On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

99.    During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

100.    On March 1, 2017 the Plaintiff submitted his first EEOC Charge of

16

Discrimination.

101.   On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

102.   The Plaintiff's request for overtime was denied.

103.   On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

104.   On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

105.   The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

106.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

107.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

108.   The Plaintiff is Hispanic.

109. The Plaintiff has been discriminated against because of his national origin.

110. The Plaintiff has been discriminated against because of his accent and his race.

111. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

112. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

113. Specifically, Plaintiff claims he was discriminated against because of his national origin.

114. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

115. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

116. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

117. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

18

118. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

119. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

120. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

121. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

122. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

123. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

124. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

125. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

126.  The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

127.  Defendant's race discrimination has caused the Plaintiff to suffer damages.

128.  As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

129.  WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights.  The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

**COUNT THREE**

**STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE
RETALIATION AGAINST DEFENDANT
TITLE VII 42 U.S.C.2000E CLAIMS**

20

130.   Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

131.   Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

132.   Plaintiff has been discriminated against because of his race and national origin.

133.   Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

134.   Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

135.   The Plaintiff has been a supervisor for over four (4) years.

136.   The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

137.   On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard

21

then pointed her finger at the Plaintiff and questioned, "Do you understand?". The order from Howard was illegal.

138.   On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

139.   On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

140.   On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

141.   On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

142.   On February 10, 2017 the Plaintiff was reassigned to report review.

143.   On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and

Regulations Procedure 205-8.

144.   On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

145.   During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

146.    On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

147.   On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

148.   The Plaintiff's request for overtime was denied.

149.   On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

150.   On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

151.   The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

152.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

153.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

154.   The Plaintiff is Hispanic.

155.   The Plaintiff has been discriminated against because of his race and national origin.

156.   The Plaintiff has been discriminated against because of his accent and his race.

157.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

158.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

159. Specifically, Plaintiff claims that the Defendant has discriminated against him by denying him the right to work overtime because of his race and national origin.

160. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

161. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

162. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

163. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

164. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

165. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

166. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

167. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

25

168. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

169. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

170. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

171. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

172. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

173. Defendant's race discrimination has caused the Plaintiff to suffer damages.

26

174. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

175. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT FOUR

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

176. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

177. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

178. Plaintiff has been discriminated against because of his race and national origin.

179. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

27

180.   Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

181.   The Plaintiff has been a supervisor for over four (4) years.

182.   The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

183.   On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

184.   On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

185.   On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the

28

Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

186.   On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

187.   On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

188.   On February 10, 2017 the Plaintiff was reassigned to report review.

189.   On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

190.   On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

191.   During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff

could only work overtime if said overtime was made by formal request and approved in advance.

192. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

193. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

194. The Plaintiff's request for overtime was denied.

195. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

196. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

197. The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

198. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

199. Plaintiff has suffered embarrassment, humiliation, shame, damage to

30

reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

200. The Plaintiff is Hispanic.

201. The Plaintiff has been discriminated against because of his race and national origin.

202. The Plaintiff has been discriminated against because of his accent and his race.

203. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

204. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

205. Specifically, Plaintiff has been unjustly disciplined. Plaintiff disputed said discipline however a letter of reprimand was placed in his employee file because of his race and national origin.

206. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

207. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

208. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

209. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

210. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

211. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

212. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

213. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

214. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

215. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

216. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

217. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

218. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

219. Defendant's race discrimination has caused the Plaintiff to suffer damages.

220. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

221. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice,

33

insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT FIVE

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

222. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

223. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

224. Plaintiff has been discriminated against because of his race and national origin.

225. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

226. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

227. The Plaintiff has been a supervisor for over four (4) years.

228. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well

34

as verbal abuse, harassment and intimidation because of his race.

229.   On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

230.   On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

231.   On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

232.   On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations

procedure 205-8.

233.   On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

234.   On February 10, 2017 the Plaintiff was reassigned to report review.

235.   On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

236.   On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

237.   During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

238.    On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

239.   On or about May 3, 2017 the Plaintiff was called into a closed-door meeting

36

with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

240.   The Plaintiff's request for overtime was denied.

241.   On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

242.   On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

243.   The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

244.   The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

245.   Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

246.   The Plaintiff is Hispanic.

247.   The Plaintiff has been discriminated against because of his race and national origin.

37

248.   The Plaintiff has been discriminated against because of his accent and his race.

249.   Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

250.   Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

251.   Specifically, Plaintiff was transferred/reassigned to different departments within a short amount of time because of his race and national origin. Plaintiff was also placed in an area where he was segregated/isolated from other employees

252.   Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

253.   Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

254.   Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

255.   Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

38

256. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

257. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

258. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

259. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

260. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

261. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

262. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

263. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

264.   The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

265.   Defendant's race discrimination has caused the Plaintiff to suffer damages.

266.   As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

267.   WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs.  Plaintiff also demands such other and different relief the Court deems proper.

## COUNT SIX

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

40

268. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

269. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

270. Plaintiff has been discriminated against because of his race and national origin.

271. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

272. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

273. The Plaintiff has been a supervisor for over four (4) years.

274. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

275. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for

you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

276. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

277. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

278. On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

279. On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

280. On February 10, 2017 the Plaintiff was reassigned to report review.

281. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the

42

property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

282. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

283. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days. Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

284. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

285. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

286. The Plaintiff's request for overtime was denied.

287. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

288. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of

43

Discrimination citing a continued hostile work environment and discrimination.

289.  The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

290.  The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

291.  Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

292.  The Plaintiff is Hispanic.

293.  The Plaintiff has been discriminated against because of his race and national origin.

294.  The Plaintiff has been discriminated against because of his accent and his race.

295.  Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

296. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

297. Specifically, Plaintiff was retaliated against by the Defendant in that it failed to train the Plaintiff and/or offer the Plaintiff continuing education opportunities because of his race and national origin.

298. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

299. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

300. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

301. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

302. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

303. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

304. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

305. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

306. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

307. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

308. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

309. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

310. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to

recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

311. Defendant's race discrimination has caused the Plaintiff to suffer damages.

312. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

313. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT SEVEN

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

314. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

315. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

47

316. Plaintiff has been discriminated against because of his race and national origin.

317. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

318. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

319. The Plaintiff has been a supervisor for over four (4) years.

320. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

321. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?". The order from Howard was illegal.

322. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C.

Roper ("Roper").

323. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

324. On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

325. On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

326. On February 10, 2017 the Plaintiff was reassigned to report review.

327. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

328. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was

written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

329. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days. Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

330. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

331. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

332. The Plaintiff's request for overtime was denied.

333. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

334. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

335. The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of

reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

336. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

337. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

338. The Plaintiff is Hispanic.

339. The Plaintiff has been discriminated against because of his race and national origin.

340. The Plaintiff has been discriminated against because of his accent and his race.

341. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

342. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

51

343. Specifically, Plaintiff was retaliated against by the Defendant by creating/having an unreasonable workload expectation that had not existed for similarly situated employees because of his race and national origin.

344. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

345. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

346. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

347. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

348. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

349. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

350. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

351. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

352. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

353. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

354. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

355. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

356. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further

pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

357. Defendant's race discrimination has caused the Plaintiff to suffer damages.

358. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

359. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT EIGHT

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

360. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

361. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

362. Plaintiff has been discriminated against because of his race and national origin.

363. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

364. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

365. The Plaintiff has been a supervisor for over four (4) years.

366. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

367. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?".  The order from Howard was illegal.

368. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C.

Roper ("Roper").

369. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

370. On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

371. On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

372. On February 10, 2017 the Plaintiff was reassigned to report review.

373. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

374. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was

written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

375. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

376. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

377. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

378. The Plaintiff's request for overtime was denied.

379. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

380. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

381. The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of

reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

382. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

383. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

384. The Plaintiff is Hispanic.

385. The Plaintiff has been discriminated against because of his race and national origin.

386. The Plaintiff has been discriminated against because of his accent and his race.

387. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

388. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

389. Specifically, the Plaintiff was retaliated against by being falsely investigated for failing to follow the City of Birmingham Police Department's Rules and Regulations.

390. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

391. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

392. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

393. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

394. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

395. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

396. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

397. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

398. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

399. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

400. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

401. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

402. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further

pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

403. Defendant's race discrimination has caused the Plaintiff to suffer damages.

404. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

405. WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT NINE

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

406. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

407. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

61

408. Plaintiff has been discriminated against because of his race and national origin.

409. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

410. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

411. The Plaintiff has been a supervisor for over four (4) years.

412. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

413. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?". The order from Howard was illegal.

414. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C.

Roper ("Roper").

415. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

416. On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

417. On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

418. On February 10, 2017 the Plaintiff was reassigned to report review.

419. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

420. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was

written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

421. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days. Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

422. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

423. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

424. The Plaintiff's request for overtime was denied.

425. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

426. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

427. The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of

64

reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

428. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

429. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

430. The Plaintiff is Hispanic.

431. The Plaintiff has been discriminated against because of his race and national origin.

432. The Plaintiff has been discriminated against because of his accent and his race.

433. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

434. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

435. Specifically, the Plaintiff was retaliated against by being falsely investigated for failing to follow the City of Birmingham Police Department's Rules and Regulations.

436. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

437. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

438. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

439. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

440. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

441. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

442. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

66

443. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

444. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

445. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

446. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

447. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

448. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further

pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

449. Defendant's race discrimination has caused the Plaintiff to suffer damages.

450. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT TEN

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

451. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

452. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

68

453. Plaintiff has been discriminated against because of his race and national origin.

454. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

455. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

456. The Plaintiff has been a supervisor for over four (4) years.

457. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

458. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?". The order from Howard was illegal.

459. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C.

Roper ("Roper").

460. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

461. On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

462. On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

463. On February 10, 2017 the Plaintiff was reassigned to report review.

464. On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

465. On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was

70

written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

466.  During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

467.  On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

468.  On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

469.  The Plaintiff's request for overtime was denied.

470.  On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

471.  On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

472.  The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of

71

reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

473. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

474. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

475. The Plaintiff is Hispanic.

476. The Plaintiff has been discriminated against because of his race and national origin.

477. The Plaintiff has been discriminated against because of his accent and his race.

478. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

479. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

480. Specifically, the Plaintiff was retaliated against by being falsely investigated for failing to follow the City of Birmingham Police Department's Rules and Regulations.

481. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

482. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

483. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

484. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

485. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

486. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

487. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

488. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

489. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

490. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

491. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

492. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

493. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further

pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

494. Defendant's race discrimination has caused the Plaintiff to suffer damages.

495. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

496. As set out in detail above, Plaintiff has been intentionally discriminated against and retaliated against in violation of Title VII by Defendant for protesting racial and national origin discrimination.

497. In taking the above-described actions, Defendant intentionally discriminated against and retaliated against Plaintiff for protesting against racial and national origin discrimination.

498. Employees who have not opposed discrimination have not been treated in a similar manner as Plaintiff. The actions of Defendant were done with malice or reckless indifference to the federally protected rights of Plaintiff.

499. Plaintiff complained about the retaliatory actions and Defendant failed to take corrective actions to prevent the retaliation. The Defendant actions were in violation of Title VII.

500. As a proximate consequence of the Defendant's actions and the violation of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and

benefits, mental anguish and emotional distress, and other injuries and damages.

501. The retaliation against Plaintiff is ongoing and of a continuous nature.

WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and race and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

## COUNT TEN

### STATEMENT OF PLAINTIFF'S TITLE VII CLAIM RACE RETALIATION AGAINST DEFENDANT TITLE VII 42 U.S.C.2000E CLAIMS

502. Plaintiff adopts and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

503. Plaintiff, Randy Martinez, is a Hispanic male whose national origin is Mexico.

504. Plaintiff has been discriminated against because of his race and national origin.

505. Plaintiff began employment with the Defendant in or around November 08, 1998 as a police officer, and is currently employed as a Sergeant.

506. Plaintiff is a good employee with many accolades and accomplishments with the Defendant and is well qualified to hold his supervisory position with the City.

507. The Plaintiff has been a supervisor for over four (4) years.

508. The Plaintiff has been under the direct supervision of Captain Nashonda Howard ("Howard") who has subjected him to a hostile work environment as well as verbal abuse, harassment and intimidation because of his race.

509. On or about January 18, 2017, in a meeting with the Plaintiff and Lieutenant Donald Gary ("Gary"), Howard stated, "I am giving you (the Plaintiff) authority to dispose of cases with dispositions from officers no longer here." Howard pointed her finger at Gary and stated, "You hear me tell him, I'm giving him the order and authority to do that, do you understand? I need for you to make sure he does that, and I want 20 cases a week." Gary replied to Howard that he understood. Howard then pointed her finger at the Plaintiff and questioned, "Do you understand?". The order from Howard was illegal.

510. On or about January 31, 2017 the Plaintiff requested to meet with Chief A.C. Roper ("Roper").

511. On or about February 6, 2017 the Plaintiff met with Deputy Chief Irene

Williams ("Williams") and Howard.  In this meeting Howard informed the Plaintiff that all paperwork will go through her that needs to be forwarded up through the chain of command. During this same meeting Williams questioned the Plaintiff about the dispositions that Howard had ordered the Plaintiff to do.

512.  On or about February 7, 2017 the Plaintiff was notified by an officer under his supervision that there was some missing inventory from the property room, namely money in the amount of $2,318.00, and the Plaintiff immediately opened an investigation pursuant to the City of Birmingham Rules and Regulations procedure 205-8.

513.  On or about February 9, 2017 the Plaintiff was reassigned to the radio room on to be reassigned again the following day to the report review department.

514.  On February 10, 2017 the Plaintiff was reassigned to report review.

515.  On or about February 13, 2017 the Plaintiff notified the proper chain of command with regards to the incident involving the missing money from the property room pursuant to the City of Birmingham Police Department Rules and Regulations Procedure 205-8.

516.  On or about February 16, 2017 the Plaintiff was called into a closed-door meeting with Howard and Lieutenant Greenberg ("Greenberg") and was written up for violating the City of Birmingham Police Department's Rules and Regulations regarding an "Unusual Occurrence".

517. During this same meeting the Plaintiff was informed by Howard that the Plaintiff could no longer work any overtime and the Plaintiff was ordered to only work 8-hour days.  Howard further stated that from this day forward the Plaintiff could only work overtime if said overtime was made by formal request and approved in advance.

518. On March 1, 2017 the Plaintiff submitted his first EEOC Charge of Discrimination.

519. On or about May 3, 2017 the Plaintiff was called into a closed-door meeting with Williams to discuss a request for overtime approval the Plaintiff had submitted on April 24, 2017.

520. The Plaintiff's request for overtime was denied.

521. On June 2, 2017 the Plaintiff filed a second EEOC Charge of Discrimination (420-2017-02087) citing continuing discrimination and retaliation.

522. On August 17, 2017 the Plaintiff supplemented his second EEOC Charge of Discrimination citing a continued hostile work environment and discrimination.

523. The actions of the Plaintiff's supervisors, namely denying the Plaintiff overtime, transferring him to different departments, causing a letter of reprimand in the Plaintiff's file for the first time as a supervisor and segregating the Plaintiff to an area where the Plaintiff had no direct contact

with other employees has caused the Plaintiff financial loss, emotional distress, and loss of the enjoyment of life.

524. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

525. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

526. The Plaintiff is Hispanic.

527. The Plaintiff has been discriminated against because of his race and national origin.

528. The Plaintiff has been discriminated against because of his accent and his race.

529. Defendant violated the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of employment because of their race.

530. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of national origin. 42 U.S.C. §2000e-2(a).

531. Specifically, the Defendant created a hostile work environment because of the Plaintiff's race and national origin.

532. Defendant has subjected and continues to subject Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his

employment, including but not limited to, Plaintiff being denied pay, Plaintiff being unjustly disciplined, harassed, and subjected to additional adverse actions.

533. Defendant, upon information and belief, has a habit and/or practice of discriminating against Hispanic or Latino(a) individuals and subjecting them to a difference in terms and conditions of employment.

534. Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of his employment.

535. Defendant failed to train its employees on its purported antidiscrimination/antiharassment policies and reporting procedures.

536. Defendant's dissemination of any antidiscrimination/antiharassment policies and reporting procedures has been ineffective.

537. Defendant's illegal discriminatory and adverse actions injured Plaintiff.

538. Plaintiff's race was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

539. Plaintiff was subjected to discriminatory terms and conditions of employment because of his national origin.

540. Defendant condoned and tolerated discrimination, and Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964 as amended.

541. Defendant failed to take any prompt and effective action reasonable calculated to result in the prevention of and/or remedy of the discrimination and harassment Plaintiff has been forced to endure.

542. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

543. Defendant the City did willfully, wantonly, negligently, recklessly and/or under circumstances of malice, insult, rudeness, oppression, aggravation, and/or in knowing violation of the Plaintiff's rights discriminate against the Plaintiff because of his race.

544. The actions of the Defendant the City for its willfulness, wantonness, negligence, recklessness, oppression, aggravation, and/or violation of the Plaintiff's rights has caused the Plaintiff to retain the services of the undersigned attorney to protect its legal rights. Consequently, the Plaintiff is entitled to recover his attorney's fees in this case from the Defendant. The Plaintiff further pleads for additional attorney's fees in the event that this matter is appealed to any court in the state of Alabama.

545. Defendant's race discrimination has caused the Plaintiff to suffer damages.

546. As a result of the above actions, the Plaintiff has been, and will continue to be injured and damaged.

547. As set out in detail above, Plaintiff has been intentionally discriminated against and retaliated against in violation of Title VII by Defendant for protesting racial and national origin discrimination.

548. In taking the above-described actions, Defendant intentionally discriminated against and retaliated against Plaintiff for protesting against racial and national origin discrimination.

549. Employees who have not opposed discrimination have not been treated in a similar manner as Plaintiff. The actions of Defendant were done with malice or reckless indifference to the federally protected rights of Plaintiff.

550. Plaintiff complained about the retaliatory actions and Defendant failed to take corrective actions to prevent the retaliation. The Defendant actions were in violation of Title VII.

551. As a proximate consequence of the Defendant's actions and the violation of Title VII, Plaintiff has suffered, and will continue to suffer, lost income and benefits, mental anguish and emotional distress, and other injuries and damages.

552. The retaliation against Plaintiff is ongoing and of a continuous nature.

WHEREFORE, Plaintiff respectfully requests that the Court find the Defendant discriminated against the Plaintiff because of his national origin and did so willfully, wantonly, recklessly and/or under circumstances of malice, insult, rudeness,

oppression, aggravation, and/or in knowing violation of the Plaintiff's rights. The Plaintiff respectfully demands judgment against Defendant for punitive damages', plus attorney's fees, and court costs. Plaintiff also demands such other and different relief the Court deems proper.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.    Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto;

B.    Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.    Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D.    Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.    Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F.    Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

Respectfully Submitted,


/s/ Scott Morro
Scott Morro (ASB-4954-C30M)
Attorney for Plaintiff
Morro Law Center, LLC
P.O. Box 1644
Gardendale, AL 35071
Telephone: (205)631-6301
Fax: (205) 285-8542
morrowlawcenter@bellsouth.net


**Defendant to be served via Certified Mail**

85