FILED
2018 Oct-16 PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RANDY M. MARTINEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-0465-JEO |
| CITY OF BIRMINGHAM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

In this action, Plaintiff Randy M. Martinez brings claims against his employer, the City of Birmingham, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 42 U.S.C. §§ 1981 ("Section 1981"). (Doc. 1). Specifically, Plaintiff alleges he was discriminated and retaliated against because of his race and national origin. (*Id.*). The complaint contains 11 separate counts,[2] with 552 numbered paragraphs, over 85 pages. (*Id.*). Each count incorporates by reference the first 37 paragraphs of the complaint and then identically repeats dozens of the same paragraphs containing factual assertions and legal conclusions. (*Id.*). Defendant moves to dismiss the complaint

---

[1] The action was originally assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the court's general order of reference dated January 2, 2015. The parties have since consented to an exercise of plenary jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 11).

[2] There are two count tens in the complaint. (Doc. 1 at 68, 76). The court refers to the second count ten as count eleven throughout this order.

as time-barred and for failure to state a claim. (Doc. 6). For the reasons that follow, the motion to dismiss is due to be granted, but Plaintiff will be given the opportunity to amend his complaint to adequately state a claim or claims.

I. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss all or some of the claims in a complaint on the ground that its allegations fail to state a claim upon which relief can be granted. That provision is read in light of Federal Rule of Civil Procedure Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court is required to accept the well-pled factual allegations of the complaint as true and give the plaintiff the benefit of all reasonable factual inferences. *See Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than

2

conclusions."). Nor is it proper to assume that the plaintiff can prove facts it has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, 550 U.S. at 555 (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). "[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

## II. DISCUSSION

Defendant moves to dismiss the complaint in its entirety for two alternative reasons. Defendant first challenges the timeliness of the complaint under 42 U.S.C. § 2000e-5(f)(1). (Doc. 6 at 3). Even if Plaintiff's complaint is timely, Defendant asserts it fails to state a cognizable discrimination and/or retaliation claim. (*Id*. at 3-8). Defendant concludes that the complaint "contradicts any good faith effort to maintain efficiency in the judicial system, and instead uses the process as a means to harass, cause unnecessary delay and needlessly increase the cost of litigation . . . ." (*Id*. at 8).

### A. Timeliness of Complaint

A civil action under Title VII must be filed in the district court within 90 days of the claimant's receipt of a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The limitations period commences upon the claimant's receipt of the right to sue letter, and not on the issuance of the letter. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) ("[S]tatutory notification is complete only upon actual receipt of the suit letter"); *see also Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991); *Norris v. Florida Dept. of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984). The Eleventh Circuit, however, has not delineated "a rule determining when a complainant has received notice of the right to sue." *Kerr v. McDonald's*

*Corp.*, 427 F.3d 947, 952 (11th Cir. 2005). Rather, the 90 day period is analyzed "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case . . . ." *Zillyette*, 179 F.3d at 1340 (citations omitted). Once the defendant contests the timeliness issue, the plaintiff has the burden of establishing he met the 90 day filing requirement. *Green v. Union Foundry Co.,* 281 F.3d 1229, 1234 (11th Cir. 2002); *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir. 1982).

Plaintiff satisfied his burden. The EEOC issued Plaintiff two right to sue letters, both dated December 19, 2017.[3] (Doc. 1-1 at 4-7). Generally, the court presumes three days for the delivery of mail[4] and, therefore, the court would assume Plaintiff received his right to sue letters by December 22, 2017. That delivery date would make his complaint, filed on March 23, 2018, one day past the 90 day deadline.

Plaintiff's complaint, however, states he received the right to sue letters on December 24, 2017. (Doc. 1 ¶ 10). Additionally, in response to the motion to dismiss, Plaintiff attached two envelopes, with the return address of the EEOC,

---

[3] The complaint incorrectly states the letters were issued on December 21, 2017. (Doc. 1 ¶ 10).

[4] When the date of receipt is in dispute, the Eleventh Circuit has applied a presumption of three days for receipt by mail, akin to the time period established in Federal Rule of Civil Procedure 6(d). *Kerr*, 427 F.3d at 953 n.9 (citing the former Rule 6(e) & *Zillyette*, 179 F.3d at 1342).

showing post office processing dates of December 21, 2017.[5] (Doc. 10 at 12). Although the envelopes do not indicate to whom the enclosed letters were addressed and there is not any sworn testimony from Plaintiff regarding the envelopes or his receipt of the letters from the EEOC, the court assumes the evidence establishes the EEOC mailed the letters on or about December 21, 2017, and, therefore, under the three day delivery presumption, Plaintiff received them on December 24, 2018.[6] As such, for purposes of this motion, the court concludes Plaintiff's complaint was filed 89 days after receipt of his right to sue letters. The complaint is, therefore, timely.

### B. Failure to State a Claim

Before the court addresses the specific claims alleged by Plaintiff, the court first addresses an overarching problem with the complaint. The complaint is 85 pages long (not counting exhibits) and contains 552 paragraphs. Each of the 11 counts contains approximately 45 paragraphs with the vast majority of those paragraphs repeating identical allegations, albeit changing a word here or there. Each count repeats approximately 20 paragraphs of factual allegations asserted in the statement of facts, as well as over 20 paragraphs of conclusory legal assumptions contained in the first count of the complaint. Additionally, counts

---

[5] The envelopes also have postage dates of December 20, 2017. (Doc. 10 at 12).

[6] The court makes this presumption for purposes of this motion only.

four through eight, as well as eleven, appear to be identical, save one paragraph, purporting to state the alleged adverse employment action. (*See* Doc. 1 ¶¶ 205, 251, 297, 343, 389, 531). Counts nine and ten appear to be identical to count eight. (*Id*. ¶¶ 360-450).

As currently pled, the complaint is unduly repetitive to the point of unfairly burdening Defendant and offending fundamental principles of due process. *See Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996). It certainly runs afoul of Rule 8's requirement that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Additionally, "each count is replete with factual allegations that could not possibly be material to that specific count, and . . . any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Such redundant and long-winded complaints "impede the due administration of justice and, in a very real sense, amount to the obstruction of justice." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Vibe Micro*, 878 F.3d at 1295 (noting that "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings"). Pleadings such as the one here also impose "a heavy burden on the trial court, for it must sift each count for the allegations that

pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated accounts."[7] *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1354 (11th Cir. 2006).

In sum, the complaint is not a short and plain statement of Plaintiff's claims and does not comport with Rule 8. Rather than lead to the speedy disposition of disputes, pleadings such as Plaintiff's complaint impede such resolution. For this reason alone, Plaintiff's complaint is due to be dismissed.

To the extent possible, the court now turns to the allegations contained in the complaint. Counts one and two purport to state claims for race and national origin discrimination under Title VII and Section 1981. Counts three through ten purport to state claims for race retaliation in violation of Title VII and, although the heading of count eleven states it is one for retaliation, it seems to attempt to state a claim for hostile work environment under Title VII.

### 1. Discrimination Allegations

"Disparate-treatment cases present 'the most easily understood type of discrimination,' *Teamsters v. United States*, 431 U.S. 324, 335, n.15 (1977), and occur where an employer has 'treated [a] particular person less favorably than others because of' a protected trait. *Watson v. Fort Worth Bank & Trust*, 487 U.S.

---

[7] The Eleventh Circuit also recently stated that shotgun pleadings "waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Vibe Micro*, 878 F.3d at 1295 (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) (collecting numerous cases), abrogated on other grounds by *Twombly*, 550 U.S. 544).

977, 985-86 (1988)." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). A disparate treatment plaintiff must establish "that the defendant had a discriminatory intent or motive" for taking a job-related action. *Id.* (quoting *Watson*, 487 U.S. at 986). Such a plaintiff must also establish that a challenged employment action was materially adverse, viewed objectively from the perspective of a reasonable employee. *See Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238-40 (11th Cir. 2001); *see also Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006) (discussing "material adversity" requirement in the context of Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a)).

A Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas*[8] prima facie case, but it must provide enough factual matter, taken as true, to plausibly suggest intentional discrimination based on a protected characteristic. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300-01 (11th Cir. 2010); *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270 (11th Cir. 2004). A plaintiff may generally do so by alleging facts supporting that the employer treated him less favorably than a similarly situated individual outside his protected class, *see Faulk v. City of Orlando*, 731 F.2d 787, 790 (11th Cir. 1984); *Glover v.*

---

[8] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Donahoe*, 626 F. App'x 926, 931 (11th Cir. 2015);[9] *Wells v. Willow Lake Estates, Inc.*, 390 F. App'x 956, 959 (11th Cir. 2010), or by similarly alleging that the employer replaced him with, or passed him over for an employment benefit or opportunity in favor of, someone outside of his class. *See Jacobs v. Biando*, 592 F. App'x 838, 841 (11th Cir. 2014); *Hughley v. Upson Cty. Bd. Of Commissioners*, 696 F. App'x 932, 935-36 (11th Cir. 2017). However, a plaintiff may also survive a motion to dismiss by pleading "a convincing mosaic" of circumstances, *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011), that do not involve such a comparator but still otherwise raise an inference of discriminatory intent. *See El-Saba v. University of S. Ala.*, 2015 WL 5849747, *13, 18 (S.D. Ala. Sept. 22, 2015); *Arafat v. School Bd. Of Broward Cty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (stating on review of a Rule 12(b)(6) dismissal that judgment for the defendant is appropriate "[i]f a plaintiff fails to show the existence of a similarly-situated employee [and] no other plausible allegation of discrimination is present." (*citing Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)); *cf. Smith, supra* (applying a similar standard to assess the sufficiency of the plaintiff's non-comparator evidence to raise a necessary prima facie inference of discriminatory intent at summary judgment); *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1255-56 (11th Cir. 2012) ("[A] plaintiff may use non-comparison

---

[9] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

circumstantial evidence to raise a reasonable inference of intentional discrimination and thereby create a triable issue."). Such an inference might be created, for example, by allegations regarding "the employer's criticism of the plaintiff's performance in . . . degrading terms" that reference the plaintiff's protected characteristic, "invidious comments about others in the employee's protected group, … or the sequence of events leading to the plaintiff's discharge." *El-Saba*, 2015 WL 5849747 at *13 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015)).

Plaintiff's complaint utterly fails to state a claim for discrimination under the above case law. To begin with, the complaint includes repeated assertions to the effect that Plaintiff was discriminated against because of his race and national origin. Such allegations, however, are themselves conclusory and are thus not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Plaintiff does not provide any specific factual support for these legal conclusions throughout the complaint.

Additionally, the complaint fails to identify any similarly situated employee outside of Plaintiff's protected class(es) who was treated more favorably. In fact, Plaintiff only mentions the phrase "similarly situated employee" one time throughout his entire complaint. (*See* Doc. 1 ¶ 343). Plaintiff also does not allege

anything close to a "convincing mosaic" of circumstances raising an inference of discrimination or retaliation. Instead, the complaint makes conclusory statements of law without any supporting facts.

Plaintiff also claim he endured unlawful disparate treatment by virtue of the following: (1) unjust discipline by placing a letter of reprimand in his employee file, (Doc. 1 ¶ 205); (2) transfer or reassignment to different departments within a short amount of time," (*id*. ¶ 251); (3) working in an area "segregated/isolated from other employees, (*id*.); (4) failure "to train . . . and/or offer the Plaintiff continuing education opportunities, (*id*. ¶ 297); (5) "creating/having an unreasonable workload expectation," (*id*. ¶ 343); and (6) falsely investigating him for failure to follow rule and regulations, (*id*. ¶¶ 389, 435, 480). However, none of those allegations support a plausible claim that Plaintiff suffered a materially adverse job action required to prevail under Title VII.

"[N]ot all conduct by an employer negatively affecting an employee constitutes adverse employment action" capable of supporting liability under Title VII. *Davis*, 245 F.3d at 1238. Rather, "to prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *Id*. at 1239 (emphasis original). Thus, "[n]egative performance evaluations, standing alone, do not constitute adverse employment action," *Lucas v. W.W. Grainger,*

*Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001), and "courts are wisely reluctant to treat job performance memoranda as actionable . . . where they do not trigger any more tangible form of adverse action such as a loss in benefits, ineligibility for promotional opportunities, or more formal discipline," *Davis*, 245 F.3d at 1241; *see also Brown v. Snow*, 440 F.3d 1259, 1265 (11th Cir. 2006). Likewise, "memoranda of reprimand or counseling that amount to no more than a mere scolding, without any following disciplinary action, do not rise to the level of adverse employment actions" either. *Davis*, 245 F.3d at 1236. Accordingly, "[t]he reprimand of an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result." *Summerlin v. M & H Valve Co.*, 167 F. App'x 93, 97 (11th Cir. 2006); *accord Perry v. Rogers*, 627 F. App'x 823, 832-33 (11th Cir. 2015); *Barnett v. Athens Reg'l Med. Ctr. Inc.*, 550 F. App'x 711, 713 (11th Cir. 2013); *Wallace v. Georgia Dep't of Transp.*, 212 F. App'x 799, 801 (11th Cir. 2006). Plaintiff has not pled that he suffered any kind of tangible harm or job detriment in connection with any of the alleged adverse employment actions. Although Plaintiff states he experiences financial loss and lost wages, these allegations are not sufficiently linked to the alleged adverse employment actions.[10] For all these reasons, Plaintiff failed to state a claim for race or national original discrimination.

---

[10] The exception to this statement would be Plaintiff's allegations of lost overtime pay. It is

## 2. Hostile Work Environment Allegations

Title VII may, of course, be violated not only where a protected characteristic motivates the employer to take discrete, adverse employment actions, such as demotion, discharge, or refusal to hire or promote, etc., but also where a plaintiff is forced to endure a hostile work environment arising from the cumulative effects of discriminatory harassment. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-16 (2002); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993). That is so despite that fact that individual episodes of such harassment may not result in any economic or otherwise tangible effects on the plaintiff's employment and may not be independently actionable under Title VII. *Morgan*, 536 U.S. at 115. To plead a hostile work environment claim under Title VII, Plaintiff has to allege facts supporting the following elements: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010); *Furcron v. Mail Centers*

---

unclear from the complaint whether Plaintiff contends his lost overtime is discrimination, retaliation, or both. He does not include a separate count for loss of overtime in his seven counts for retaliation, although the factual assertions concerning lost overtime are contained in each count. (*See* Doc. 1 ¶¶ 130-501).

*Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016); *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010).

Despite stating in paragraph 531 that "the Defendant created a hostile work environment because of the Plaintiff's race and national origin," the complaint is devoid of any allegations sufficient to allege a claim, other than the fact that Plaintiff belongs to protected classes. There are no factual allegations that could amount to anything even resembling harassment. Instead, the allegations in these final allegations are a mere recitation of the counts that come before them and have no bearing on a claim for hostile work environment. As such, Plaintiff failed to state a claim for hostile work environment.

### 3. Retaliation Allegations

Under Title VII, it is also unlawful for an employer to retaliate against an employee because the employee opposed any practice made unlawful by Title VII. *Wallace v. Georgia Dept. of Transp.*, 212 F. App'x 799, 802 (11th Cir. 2006) (citing 42 U.S.C. § 2000e-3(a)). To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events. *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002)). To establish a causal connection, a plaintiff must show that the decision makers were aware of the protected conduct, and that the

15

protected activity and the adverse action were not wholly unrelated. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000). To show a causal connection mere temporal proximity between knowledge of protected activity and an adverse action must be very close. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004); *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001). In addition to showing temporal proximity between the protected act and the allegedly adverse employment action, a plaintiff must show that his employer actually knew about the protected activity. *See Clark County*, 532 U.S. at 272.

Plaintiff's complaint fails to state a claim for retaliation. As currently pled, and for the reasons discussed above, the vast majority of the alleged employment actions do not rise to the level of adverse employment actions under Title VII or Section 1981. The only possible adverse employment action seems to be his claim for overtime. Even so, the complaint fails to adequately state any causal connection between his protected conduct and the alleged adverse employment actions. From what the court can tell, all of the alleged adverse employment actions, other than the denial of overtime, occurred before Plaintiff engaged in any protected activity. Moreover, Plaintiff's reliance on temporal proximity alone, (*see* Doc. 10 at 8), is not enough to establish causal connection. Plaintiff does not allege any of the decision makers had knowledge of his EEOC charges. As such, Plaintiff's complaint fails to state a claim for retaliation.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**. (Doc. 6). That being said, the court will give Plaintiff the opportunity to amend his complaint. Any amended complaint **SHALL** pay particular notice to the issues discussed in this order. Plaintiff is **ORDERED** to file an amended complaint within fourteen (14) days of this order.

**DATED**, this 16th day of October, 2018.

*John E. Ott*
_____
**JOHN E. OTT**
Chief United States Magistrate Judge